# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY<br>200 Hopmeadow Street<br>Simsbury, CT 06089<br>    Plaintiff,<br><br> vs.<br><br>YVONNE SIMMS<br>2933 Nelson Place SE, Apt. 1<br>Washington, D.C. 20019-7719<br><br>and<br><br>DOMINIQUE JORDAN<br>905 Bellevue Street SE<br>Washington, D.C. 20032<br><br>and<br><br>KENYATTA JORDAN, JR.<br>905 Bellevue Street SE<br>Washington, D.C. 20032<br><br>and<br><br>DEVETTE PHILLIPS GORDON<br>4660 MLK Jr. Ave. SW, Apt. B306<br>Washington, D.C. 20032<br><br>and<br><br>PENDING ESTATE OF<br>KENYATTA JORDAN,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NO.<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT IN INTERPLEADER

Plaintiff Hartford Life and Accident Insurance Company ("Hartford"), through its undersigned counsel, brings this action in interpleader against Defendants Yvonne Simms,

Dominique Jordan, Kenyatta Jordan, Jr., Devette Phillips Gordon and the Estate of Kenyatta Jordan ("Estate" and together with Ms. Simms, Ms. Jordan, Mr. Jordan and Ms. Gordon, the "Defendants"), as follows:

## NATURE OF CASE

1. This interpleader action is brought to resolve the potentially competing claims of the Defendants for the proceeds of a supplemental life policy purchased on the life of Kenyatta Jordan ("Decedent"), now deceased.

## JURISDICTION AND VENUE

2. Original jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 and Federal Rule of Civil Procedure 22(a)(1), as this is an action in interpleader for the proceeds of an insurance policy, and because the insurance policy at issue is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA").

3. Venue is laid in this District pursuant to 28 U.S.C. § 1397 (the district where one or more of the claimants resides) and 28 U.S.C. §1391.

## PARTIES

4. Hartford is a Connecticut insurance company with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut 06089.

5. On information and belief, Defendant Yvonne Simms is an adult individual who is the wife of Decedent and whose last known residence is 2933 Nelson Place SE, Apt. 1, Washington, D.C. 20019-7719.

6. On information and belief, Defendant Dominique Jordan is an adult individual who is the daughter of Decedent and who resides at 905 Bellevue Street SE Washington, D.C. 20032.

7. On information and belief, Defendant Kenyatta Jordan, Jr. is an adult individual who is the son of Decedent and who resides at 905 Bellevue Street SE Washington, D.C. 20032.

8. On information and belief, Defendant Devette Phillips Gordon is an adult individual who is the daughter of Decedent and who resides at 4660 MLK Jr. Ave. SW, Apt. B306, Washington, D.C. 20032.

9. On information and belief, an estate has not yet been opened or raised on behalf of Decedent, but may in the future in order to claim benefits as described in this Complaint in Interpleader. Accordingly, Defendant Estate is the potential estate to be opened on behalf of Decedent in the Superior Court of the District of Columbia, Probate Division.

## FACTUAL BACKGROUND

10. Decedent was insured by Hartford Life and Accident Insurance Policy, No. GL-675281 (the "Policy") which he obtained through his employer, SMS Holdings Corp. A true and correct copy of the Policy is attached hereto as Exhibit A.

11. Under the Policy, Decedent was covered for supplemental life insurance benefits in the amount of One Hundred Twenty Thousand Dollars ($120,000.00).

12. Decedent did not complete a Beneficiary Designation form, or otherwise name a beneficiary of the life insurance benefits.

13. On September 13, 2014, Decedent died of a stab wound to the chest. A true and correct copy of the Decedent's Death Certificate is attached hereto as Exhibit B.

14. Decedent's manner of death was determined to be a homicide. *See* Exhibit B.

15. On information and belief, Yvonne Simms was charged with Decedent's murder.

16. On information and belief, on or about October 24, 2014, the U.S. Attorney's Office dismissed the charge against Ms. Simms because of insufficient evidence, but the investigation remains open and ongoing.

17. District of Columbia law, the "Slayer Statute," provides that no person convicted of the felonious homicide of another person may receive the proceeds of an insurance policy from that other person. D.C. Code § 19-320. It further provides that, where a beneficiary is deemed ineligible to receive life insurance benefits to which he or she was assigned under a particular policy, he or she is treated as though he or she pre-deceased the insured. D.C. Code § 19-320.

18. Under the Policy,

> Life Insurance Benefits will be paid in accordance with the life insurance Beneficiary Designation provided it does not contradict the Claim Payment provision.
>
> If no beneficiary is named, or if no named beneficiary survives [Decedent], [Hartford] may, at [Hartford's] option, pay:
>
> (1) the executors or administrators of [Decedent's] estate; or
> (2) all to [Decedent's] surviving spouse; or
> (3) if [Decedent's] spouse does not survive [Decedent], in equal shares to [Decedent's] surviving children; or
> (4) if no Child survives [Decedent], in equal shares to [Decedent's] surviving parents.

*See* Exhibit A, at 21.

19. On October 16, 2014, Beverly Jordan, Decedent's sister, submitted a Preference Beneficiary Affidavit listing Ms. Gordon, Ms. Jordan and Mr. Jordan as Decedent's surviving children. A true and correct copy of the Preference Beneficiary Affidavit is attached hereto as Exhibit C.

20. Although Ms. Simms has not submitted a formal claim for the proceeds of the Policy, Hartford believes that she may have an interest in the proceeds pursuant to the terms of the Policy.

21. Hartford believes, and therefore avers, that benefits are due and owing under the Policy, but due to the ongoing investigation of Decedent's homicide, as well as the Policy language and relevant District of Columbia law, and given the multiple parties who have claimed or may in the future claim benefits under the Policy, Hartford is unable to determine to whom, and in what amounts, the insurance benefits should be paid.

22. The benefit at issue is in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus accumulated interest.

### **COUNT I - INTERPLEADER**

23. Hartford incorporates the allegations contained in paragraphs 1 through 22 as though fully set forth herein.

24. Each of the Defendants have claimed or may in the future claim to be entitled to benefits due under the Policy.

25. Hartford is prepared to file a Motion for Leave to Deposit Funds and submit a check in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus accumulated interest for deposit into the Registry of this Court.

26. Hartford intends to interplead the funds into this Court to await its judgment with respect to the subject matter of this controversy.

WHEREFORE, Hartford Life and Accident Insurance Company demands judgment pursuant to Federal Rule of Civil Procedure 22(a)(1) as follows:

1. Restraining all of the Defendants by Order and Injunction of this Court from instituting or pursing any action against Hartford for the recovery of life insurance proceeds under the Policy;

2. Requiring the Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject life insurance benefits in this action;

3. Enjoining all of the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the life insurance benefits involved in this interpleader action;

4. Requiring that Defendants settle and determine between themselves, or upon their failure to do so, this Court settle and adjudge the claims and determine to whom the life insurance benefits should be paid;

5. Discharging with prejudice Hartford from any further liability upon payment of the aforementioned total benefits into the Clerk of this Court or as otherwise directed by this Court;

6. Awarding Hartford its costs and attorney's fees;

7. Awarding Hartford any other and further relief that this Court deems just and proper.

July 10, 2015

*s/ Brian P. Downey*
Brian P. Downey (PA0030)
PEPPER HAMILTON, LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108-1181
*downeyb@pepperlaw.com*
Phone: 717.255.1155
Fax: 717.238.0575
*Counsel for Plaintiff*
*Hartford Life and Accident Insurance Company*